CASE 7—PETITION EQUITY—MARCH 12.

# Bohon v. Smith.

### APPEAL FROM WOODFORD CIRCUIT COURT.

JURISDICTION OF ACTION TO ENFORCE A JUDGMENT.—When a suit in
   equity under section 474 of the Civil Code is brought in the county
   where the judgment was rendered, it must be in the court from
   which the execution issued; but when brought in a different county
   it may be in any court of general jurisdiction.

PORTER & WALLACE,  . . . . . . .  For Appellant,

CITED

Civil Code, sections 133, 474, 518, 846.
8 Bush, 402, Maddox, &c. v. Fox, &c.

BLACKBURN & TWYMAN,  . . . . . .  For Appellee,

CITED

16 B. Mon. 181, Nixon v. Jack, &c.
Civil Code, section 474.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

Appellee having recovered a judgment in the Woodford
Quarterly Court against one McCowen for $100, with interest
at the rate of six per cent per annum from the 19th day April,
1871, till paid, and his costs, sued out his execution thereon
against said McCowen, directed to the sheriff of Woodford
County, and on the 19th of March, 1873, McCowen, with B.
F. Bohon as his surety, replevied said debt, amounting then
to $120.19. When the replevin bond matured appellee sued
out execution thereon against McCowen & Bohon, directed to
the sheriff of Woodford County, which was in due time re-
turned by him indorsed "No estate found to make the within
fi. fa. or any part thereof."

Appellee then brought this suit in equity in the Woodford Circuit Court against the principal and surety in the replevin bond for the discovery of any money, *choses in action*, equitable or legal interest, and all other property to which the defendants may have been entitled, and to subject the same to the satisfaction of his judgment.

The defendants filed demurrers to the petition, which were overruled, and E. K. Thornton, having been summoned as garnishee, paid into court the sum of $145 as the amount the Lexington, Versailles & Frankfort Turnpike Road Company was indebted to said Bohon, said Thornton being the treasurer of said company; and the court below having adjudged the money to the plaintiff, Bohon has appealed to this court.

The proceeding was instituted under section 474, Civil Code, which provides that after an execution of *fieri facias* directed to the county of the defendant's residence or the county in which the judgment was rendered is returned by the proper officer, either as to the whole or part thereof, in substance no property found to satisfy the same, the plaintiff in the execution may institute an action by equitable proceedings *in the court from which the execution issued* or in the court of any county in which the defendant resides, or is summoned, for the discovery of any money, etc.

This suit having been instituted in the county in which the judgment sought to be enforced was rendered, but in the circuit court for said county, and *not* in the court from which the execution issued, the vital question in the case is, had the circuit court jurisdiction? and that being one of the specified objections to the petition, in the demurrer. If the literal meaning be applied to the words of this section it would seem that there is no escape from the conclusion that when a suit to obtain the relief provided for is brought in the county in which the judgment was rendered it *must be brought* in the court from which the execution issued, thereby conferring the power on

courts of limited jurisdiction to enforce and execute their own judgments; but when the suit for that purpose is brought in a different county it may be brought in the court of general jurisdiction. This being the literal meaning of the words of the sentence, we do not feel authorized by construction to extend them and give to another court concurrent jurisdiction. If we could do that we could go further and say that the circuit courts should have exclusive jurisdiction. The safest course to pursue is to give to the words their natural and plain meaning. This question has heretofore arisen in this court, and the construction then given to this *section* accords with this conclusion.*

Wherefore the judgment is reversed and the cause is remanded, with directions to sustain appellant's demurrer to the petition and for other proceedings consistent herewith.

* NOTE BY REPORTER.—In this case a copy of the judgment of the quarterly court and execution and return thereon, " no property found," were not filed in the clerk's office of the circuit court as provided for in sec. 846 of the Civil Code.